```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOSE TORRES,

                Plaintiff,          ORDER
                                    11-CV-0264(JS)(AKT)
        -against-

NASSAU COUNTY JAIL,
SGT. KRUTE SHIELD #53,
CPL. SIKINGS SHIELD #315,
CO AQUILINA, CO CALIFANO,
CPL McCANN,

                Defendants.
----------------------------------X
APPEARANCES:

For Plaintiff:      JOSE TORRES, Pro Se
                    11-A-0260
                    Franklin Correctional Facility
                    62 Bare Hill Road
                    P.O. Box 10
                    Malone, NY 12953

For Defendants:     No Appearances
```

SEYBERT, District Judge:

Pending before the Court is the civil rights Complaint of incarcerated pro se plaintiff Jose Torres ("Plaintiff") brought pursuant to 42 U.S.C. § 1983, accompanied by an application to proceed in forma pauperis. Upon review of the Plaintiff's financial declaration in support of the application, the Court finds that Plaintiff's financial status qualifies him to file this action without prepayment of the filing fees. Accordingly, the application to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte dismissed with prejudice as against defendant Nassau County Jail and with leave to

file an Amended Complaint against Nassau County.

BACKGROUND

According to the brief, handwritten Complaint submitted on the Court's civil rights complaint form, Plaintiff received a "ticket" from defendant Sikings for allegedly clogging his toilet, an offense that Plaintiff denies. (Compl. at ¶ IV). Plaintiff claims that Defendant Krute "did my hearing and I got 14 days on 1/6/11." (Id.). Plaintiff was then "sent to M.O. on 1/9/11, where I'm lock[ed] in the cell [that was] real dirty [and had] mice droppings, spit on the walls, [and] smell[ed] like piss." (Id.). Plaintiff alleges that Defendant McCann did not allow Plaintiff to clean the cell. (Id.). According to the Complaint, on January 10, 2011, Plaintiff was "called to mental health," where Defendant Aquilina broke Plaintiff's glasses and kicked Plaintiff's feet. (Id.). Plaintiff also alleges that Defendants Aquilina, McCann and two unnamed officers have "threatened to hurt" him and Defendant Califano called Plaintiff a "spic" over the loud speaker. (Id.).

As a result of the foregoing, Plaintiff claims that he "fear[s] for his life." (Id.). Plaintiff has left blank the section on the Complaint that calls for a description of any injuries suffered or medical treatment received arising from the events complained of. Nevertheless, Plaintiff seeks $2 million in damages for unspecified "pain and suffering" as well as "disciplinary action against all stated jail officers." (Id. at

2

¶ V.).

DISCUSSION

I. <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declaration in support of his application to proceed <u>in forma pauperis</u>, the Court determines that the Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed <u>in forma pauperis</u> is GRANTED.

II. <u>Application of the Prison Litigation Reform Act ("PLRA")</u>

The PLRA, codified at 28 U.S.C. § 1915, requires a district court to dismiss an <u>in forma pauperis</u> complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(a)&(b); <u>Abbas v. Dixon</u>, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that <u>pro se</u> complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's <u>pro se</u> Complaint liberally and interpret it raising the strongest arguments it suggests. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); <u>Hughes v. Rowe</u>, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L.

3

Ed. 2d 163 (1980); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). Moreover, at this stage of the proceeding, the Court assumes the truth of the allegations in the Complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

A. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. County of Suffolk, No. 07-CV-2138 (RMM) (ARL), 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d

Cir. 1999). Here, Plaintiff's Complaint is liberally construed by the Court to allege an Eighth Amendment claim challenging the conditions of his confinement.

B.  Eighth Amendment Claim

The Eighth Amendment prohibits the infliction of "cruel and unusual punishment," U.S. CONST. AMEND. VIII, and, the Fourteenth Amendment's Due Process clause, makes it applicable to the states. Trammell v. Keane, 338 F.3d 155, 161 (2d Cir. 2003) (citing Robinson v. California, 370 U.S. 660, 666-67, 82 S. Ct. 1417, 8 L. Ed. 2d 758 (1962)). Although it is clear that the Eighth Amendment "'does not mandate comfortable prisons,'" it does not permit inhumane treatment of those in custody. Gaston v. Coughlin, 249 F.3d 156 (2d Cir. 2001) (citing Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed.2d 811 (1994) (citing Rhodes v. Chapman, 452 U.S. 337, 349, 101 S. Ct. 2392, 2400, 69 L. Ed. 2d 59 (1981)).

To establish a violation of the Eighth Amendment, "an inmate must show (1) a deprivation that is 'objectively sufficiently serious' [such that the plaintiff] was denied 'the minimal civilized measure of life's necessities,' and (2) a 'sufficiently culpable state of mind' on the part of the defendant official, such as deliberate indifference to inmate health or safety." Gaston, 249 F.3d at 164 (quoting Farmer, 511 U.S. at 834). With these standards in mind, the Court considers the Plaintiff's claims as against the Defendants.

C.  <u>Defendant Nassau County Jail</u>

As a threshold matter, the Plaintiff purports to allege a Section 1983 claim against Defendant Nassau County Jail. However, "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." <u>See Davis v. Lynbrook Police Dep't</u>, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against Lynbrook Police Department); <u>see also</u> <u>Hall v. City of White Plains</u>, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Because plaintiff has named the City of White Plains as a defendant, any claims against the [White Plains Department of Public Safety] are redundant. WPDPS does not have its own legal identity, and therefore the claims against it are dismissed."). The Nassau County Jail is an administrative arm of Nassau County without an independent legal identity. Accordingly, the Plaintiff's claim against Nassau County Jail are DISMISSED WITH PREJUDICE. Construing Plaintiff's Complaint liberally, <u>see</u> <u>Burgos v. Hopkins</u>, 14 F.3d 787, 790 (2d Cir. 1994), the Court infers that Plaintiff intended to bring this claim against Nassau County.

Accordingly, the Complaint is deemed amended to be brought against Nassau County rather than Nassau County Jail and the Clerk of the Court is directed to so amend the caption.

D.  <u>Claims Against Nassau County</u>

Insofar as Plaintiff seeks to assert a Section 1983 claim

against Nassau County based on the misconduct of the Correction Officer Defendants, it is insufficiently pled. A municipal body, such as a county, may not be held liable under Section 1983 for the unconstitutional acts of its employees absent allegations that such acts are attributable to a municipal custom, policy or practice. See Monell, 436 U.S. at 690-94; see also Pembaur v. Cincinnati, 475 U.S. 469, 478-479, 108 S. Ct. 1292, 89 L. Ed. 2d 452 (1986); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000) (noting that a municipality "cannot properly be held liable . . . unless the injury was inflicted by [its] lawmakers or by those whose edicts or acts may fairly be said to represent official policy"), (internal citations and quotation marks omitted), cert. denied, 531 U.S. 813, 121 S. Ct. 47, 148 L. Ed. 2d 16 (2000); Ricciuti v. N.Y. City., 941 F.2d 119, 123 (2d Cir. 1991).

Even affording Plaintiff's Complaint a liberal construction, the Court cannot reasonably interpret the Complaint to contain allegations concerning an underlying municipal policy or custom that deprived the Plaintiff of a constitutional right. Accordingly, Plaintiff has failed to state a plausible claim against Nassau County and Plaintiff's Section 1983 claims against Nassau County are dismissed with prejudice unless the Plaintiff files an Amended Complaint in accordance with this Order within thirty (30) days of the date that this Order is served with notice of entry upon the Plaintiff.

E.  <u>Defendants Krute, Sikinas, Aquilina, Califano and McCann</u>

As noted above, Plaintiff alleges that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment because he was harassed by correction officers and subjected to unsanitary conditions during his confinement at the Nassau County Correctional Center. Though thin, the Court declines to find at this stage that Plaintiff's Eighth Amendment claims against the Correction Officers are implausible. <u>See</u>, <u>e.g.</u>, <u>Gaston</u>, 249 F.3d 156, 166 ("We are unwilling to adopt as a matter of law the principle that it is not cruel and unusual punishment for prison officials knowingly to allow an area to remain filled with sewage and excrement for days on end.").

Because Plaintiff's claims against the Correction Officers are not frivolous or malicious within the meaning of 28 U.S.C. § 1915, the Court finds that Plaintiff has set forth sufficient facts to withstand <u>sua sponte</u> dismissal of these claims.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed <u>in forma pauperis</u> is granted and the Complaint is <u>sua sponte</u> dismissed with prejudice as against Defendant Nassau County Jail and without prejudice and with leave to file an Amended Complaint against Defendant Nassau County.

The Clerk of the Court is directed amend the caption of the Complaint to include Nassau County as a Defendant rather than

Nassau County Jail.

The agency holding Plaintiff in custody must calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York. The Warden or Superintendent shall not deduct more than twenty percent from the prisoner's trust fund account.

The Clerk of the Court is directed to mail a copy of this Order, together with Plaintiff's authorization, to the Superintendent of the facility in which Plaintiff is incarcerated and to serve notice of entry of this Order in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the Plaintiff at his last known address, see Fed. R. Civ. P. 5(b)(2)(c).

The Clerk of the Court is further ordered to forward to the United States Marshal for the Eastern District of New York copies of Plaintiff's Summons, Complaint, and this Order for service upon Defendants Krute, Sikings, Aquilina, Califano and McCann, without prepayment of fees.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is denied for the purpose of any appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

                                        SO ORDERED.

                                        <u>/s/ JOANNA SEYBERT      </u>
                                        Joanna Seybert, U.S.D.J.

Dated:    May <u>  19  </u>, 2011
          Central Islip, New York