FILED
CLERK

2/7/2017 4:20 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JOSE TORRES,

                Plaintiff,

   -against-                         **ORDER**
                                         11-CV-264 (JMA) (AKT)

NASSAU COUNTY et al,

                Defendants.
-------------------------------------------------------X

**AZRACK, District Judge:**

On January 14, 2011, pro se plaintiff Jose Torres ("plaintiff") commenced this action against Nassau County, CPL Sikings, SGT Krute, CO Aquilina, CO Califano, CPL McCann and CPL Noonan (together, "defendants") pursuant to 42 U.S.C. § 1983, alleging a deprivation of his constitutional rights.

Discovery proceeded before Magistrate Judge A. Kathleen Tomlinson through September of 2012. Plaintiff was warned multiple times by Judge Tomlinson to keep his address current. (See, e.g., ECF Nos. 55 & 57.) On January 16, 2015 this case was reassigned to the undersigned. A copy of the docket sheet and the undersigned's Individual Rules was mailed to plaintiff at the address of record. On March, 9, 2015, that mail was returned as undeliverable, marked "Vac." (ECF No. 59.) On November 16, 2015, this Court issued a status report order directing the defendants to respond by November 30, 2015. A copy was also mailed to the plaintiff at his last known address. On November 30, 2015, that mail was returned as undeliverable, marked "Return to Sender/Vacant/Unable to Forward." (ECF No. 60.) On January 13, 2016, this Court scheduled an in person status conference and directed plaintiff to appear in person. Defendants' counsel was directed to serve a copy of the Order on the plaintiff and file proof of service on ECF. A certificate of service was filed on January 14, 2016. (ECF No. 63.) On January 26,

2016, defendants requested adjournment of the conference and informed the Court that the mailing to plaintiff was returned as undeliverable as addressed. (ECF No. 64.) The Court adjourned the conference until February 9, 2016 and converted it to a telephone conference. Defendants also served this Order on the plaintiff and filed proof of service on ECF. (ECF No. 65.)

On February 9, 2016, this Court held a telephone status conference and granted leave for defendants to file a motion to dismiss for failure to prosecute. Pro se plaintiff did not appear for that telephone conference. Defendants' moving papers were to be served by March 9, 2016. No opposition date was imposed on pro se plaintiff. (ECF No. 66.) Pursuant to the Court's order, counsel for defendant then endeavored to locate plaintiff by searching the NYS Department of Corrections and Community Supervision's Inmate Locator website and the Federal Bureau of Prisoners' Inmate Locator website. Counsel also contacted Nassau County Correctional Center ("NCCC") to ascertain whether plaintiff was in the custody of NCCC. These searches did not yield any results for plaintiff. Accordingly, defendants served the motion to dismiss on plaintiff at his last known address on March 9, 2016. (ECF No. 68.) Defendants represent that on March 21, 2016, the motion was returned marked "Return to Sender-Unclaimed-Unable to Forward." (ECF No. 72.)

On March 22, 2016, defendants filed their motion to dismiss. Pro se plaintiff did not serve an opposition or request an extension of time to respond to the motion. Defendants request that the case be dismissed due to plaintiff's failure to prosecute. (ECF No. 72.)

On January 10, 2017, the Court issued an Order requiring plaintiff (1) to file his opposition to defendants' motion to dismiss, or (2) to indicate by letter to the Court that plaintiff does not wish to file an opposition but still intends to prosecute this lawsuit. A response was due

by January 27, 2017. The Order warned that failure to respond would result in dismissal of the action for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 73.) A copy of the Order was mailed to the plaintiff at his address listed on the docket sheet. To date, plaintiff has not responded to the Order or otherwise communicated with the Court.

Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Second Circuit considers five factors when reviewing a district court's order of dismissal for failure to prosecute, including: (1) the duration of plaintiff's failures; (2) whether plaintiff received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the court struck the appropriate balance between alleviating the court calendar with protecting the plaintiff's right to due process; and (5) whether the judge adequately assessed the efficacy of lesser sanctions. Shannon v. Gen. Elec. Co., 186 F.2d 186, 193–94 (2d Cir. 1999). Generally, no single factor is dispositive. Id. at 194.

Prior to this case being reassigned to me, it sat stagnant for almost three years. Plaintiff was repeatedly warned that failure to keep his address updated could result in dismissal of his case. Correspondence from the Court to plaintiff has been returned as undeliverable because plaintiff failed to keep his address current. Plaintiff has also failed to respond to the Court's January 10 Order and the defendants' motions to dismiss. The Court warned plaintiff that failure to respond would result in the dismissal of the case. Plaintiff's failure to keep the Court apprised of his address and failure to comply with the Court's January 10 Order constitute grounds for dismissal. Accordingly, plaintiff's claims are dismissed, for failure to prosecute and noncompliance. The Clerk of Court is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Order to the plaintiff.

**SO ORDERED.**

Dated: February 7, 2017
Central Islip, New York

                                              /s/ JMA
                                       JOAN M. AZRACK
                                       UNITED STATES DISTRICT JUDGE